Judith A. DREISBACH and
Ronald A. Dreisbach,

v.

CUMMINS DIESEL ENGINES, INC.
t/a Cummins–Onan, et al.

Civ. A. No. 93–7083.

United States District Court,
E.D. Pennsylvania.

April 5, 1994.

**594**

Anita F. Alberts, Doylestown, PA, for plaintiff.

Thomas J. Bender, Jr., Philadelphia, PA, for defendant.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff, Judith Dreisbach, has filed this sex discrimination action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* against her former employer, Cummins Diesel Engines, Inc., trading as Cummins–Onan ("Cummins–Onan"); Cummins Engine Co., Inc. ("CECO"); her former supervisor, Andrew Gorban ("Gorban"); and two Cummins–Onan executives, Lynn Coy ("Coy") and James Williams ("Williams"). Judith Dreisbach also asserts pendent state law claims against all defendants for intentional infliction of emotional distress and claims pursuant to the Pennsylvania Human Relations Act, 43 Pa.Cons.Stat. Ann. § 951 *et seq.* Her husband, plaintiff Ronald Dreisbach, states a loss of consortium claim against all defendants.

Before the court is the motion of defendants Coy and Williams to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the motions of defendant Gorban to dismiss pursuant to Rules 12(b)(1) or 12(b)(6) or in the alternative for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure,[1] and the motion for summary judgment of defendant CECO.

According to the complaint, Cummins–Onan hired Judith Dreisbach in 1984 to work as a secretary in the company's parts department. She alleges that around October of 1984 and once in 1987, defendant Gorban, then a fellow Cummins–Onan employee, asked her out for a drink. She refused on both occasions.

Plaintiff further alleges that Gorban began making sexually suggestive remarks and gestures to her beginning in 1989, which she reported to her supervisor, Thomas Colello

---

1. This rule provides for entry of judgment in favor of the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

("Colello"). Colello in turn communicated her complaints to a Vice President of Cummins–Onan, George Ruch. No action was apparently taken.

The complaint continues that in 1990 Gorban repeatedly leered at her and entered her work area when she was alone to tell her sexually suggestive jokes. In the winter of 1991, Gorban allegedly began to instigate unwanted contact with her, including rubbing against her buttocks, grabbing her waist and breasts, and unzipping his pants in her presence. Around April of 1991, Gorban was promoted to the position of Operations Manager and was Colello's superior. When Colello resigned the following month, plaintiff alleges that Gorban's behavior worsened and that her new supervisor, George Gary, took no action in regard to her complaints because he feared losing his job in a planned layoff.

On August 7, 1992, plaintiff informed defendant James Williams, a Vice President of Cummins–Onan, of her problems with Gorban and expressed concern about her job. She alleges that Williams told her she would not lose her job in the upcoming layoff and asked her not to contact an attorney concerning her complaints about Gorban. Dreisbach was laid off on August 31, 1992. Cummins–Onan fired Gorban shortly after Dreisbach filed the present action.

The complaint further alleges that defendant Coy, the President of Cummins–Onan, together with Williams, "planned to terminate Plaintiff's employment in retaliation and response to her complaints of Gorban's sexual harassment, and authorized, permitted and ratified Gorban's termination of Plaintiff." As to defendant CECO, plaintiff alleges that it "ratified and endorsed" her termination.[2]

2. Plaintiff alleges that CECO is the "parent company" of defendant Cummins–Onan. Defendant CECO vigorously disputes this characterization. CECO has submitted a supporting affidavit by Lynn Coy, president of Cummins–Onan, stating that CECO does not own any portion of Cummins–Onan, that CECO does not control the compensation or conditions of employment of Cummins–Onan employees, and that the only relationship between the companies is that Cummins–Onan distributes CECO products. Plaintiff claims, without evidentiary support, that CECO cannot support its motion with an affidavit by Coy, who is not a corporate officer of CECO.

In September 1992, plaintiff filed a charge with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). Dreisbach, naming her employer, Cummins–Onan, as respondent, asserted that it had wrongfully discharged her for complaining of sexual harassment by Gorban. In September 1993, plaintiff filed another charge with both agencies, alleging that Cummins–Onan refused to rehire her in retaliation for her filing of the administrative complaints. Neither of plaintiff's administrative charges names or otherwise identifies defendants Williams, Coy or CECO.

■■■ Defendants Gorban, Coy, Williams and CECO argue that this court lacks subject matter jurisdiction over the claims against them. They contend that as they were not named as parties in either of plaintiff's administrative charges, plaintiff has failed to exhaust her administrative remedies against them. *See* 42 U.S.C. § 2000e–5(f).

■■ If the EEOC does not reach a conciliation agreement with the respondent within a specified period of time, Title VII permits an aggrieved party to bring a civil action "against the respondent *named in the charge.*" 42 U.S.C. § 2000e–5(f)(1) (emphasis added). The provision requiring the naming of the respondent in the EEOC charge is a jurisdictional prerequisite to the institution of suit against that party. *See, e.g., Glus v. G.C. Murphy Co.,* 562 F.2d 880, 885 (3d Cir.1977). The policy behind requiring an aggrieved individual to exhaust administrative proceedings against a respondent before bringing suit is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation." *Id.*

This contention is without merit. The subject matter of Coy's affidavit is clearly within his personal knowledge, the facts set forth therein are admissible, and Coy has affirmatively shown that he is competent to testify to the matters therein. *See* Fed.R.Civ.Proc. 56(e).

Plaintiff Judith Dreisbach's opposing affidavit states that because Cummins–Onan once received a document from CECO regarding sexual harassment in the workplace, she "believe[s]" that CECO has "involvement" in Cummins–Onan's personnel policies. This affidavit is not sufficient to counteract the affidavit of CECO.

at 888 (citations omitted). Bringing suit against a defendant without first exhausting administrative remedies thwarts the purpose of EEOC review.

■ Jurisdictional requirements for bringing suit under Title VII are, however, liberally construed in favor of complainants. *See, e.g., Glus,* 562 F.2d at 887–888. As a result, certain narrow exceptions to the requirement of naming all parties in the administrative charge before filing suit have developed.

In *Glus,* the Court of Appeals for the Third Circuit confronted a situation in which the plaintiff had named her local union but not the international union as a respondent to an administrative charge. The *Glus* court held that a district court should consider the following factors in determining whether to allow a plaintiff to proceed against a party who was not named in a plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [sic] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.
>
> *Glus,* 562 F.2d at 888.

This "four pronged test is not a mechanical one; no single factor is decisive." *Glus v. G.C. Murphy Co.,* 629 F.2d 248, 251 (3d Cir.1980) (*Glus II*), *vacated on other grounds sub nom. Retail, Wholesale & Dept. Store Union v. G.C. Murphy Co.,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981). Plaintiff does not claim that she was unaware when she filed the EEOC/PHRC charge of the role of the parties she failed to name or otherwise identify. Indeed, plaintiff has not relied on any of the *Glus* factors in an effort to main-

tain this action against Williams, Coy and CECO.

Defendants CECO, Coy and Williams cite *Kinnally v. Bell of Pennsylvania* in support of their contention that plaintiff's failure to name them in her EEOC/PHRC complaint bars suit against them in this court. 748 F.Supp. 1136 (E.D.Pa.1990). However, the *Kinnally* court held that suit was not barred against defendants named in the body but not in the caption of the plaintiff's administrative charge because such defendants had "received every indication that their conduct was being formally reviewed." *Id.* at 1140.

As in *Kinnally,* plaintiff's EEOC/PHRC charges name only her corporate employer, Cummins–Onan, as a respondent. In contrast to the situation presented in *Kinnally,* however, neither EEOC/PHRC charge identifies defendants Coy, Williams or CECO in any manner or describes any sexual harassment or discriminatory behavior on their part or for which they are responsible. There is no indication that either the PHRC or the EEOC investigated any of these defendants. "The purpose of filing before the PHRC/EEOC is to alert concerned parties of the opportunity for voluntary conciliation without the animosity, expense, and publicity of litigation." *Kinnally,* 748 F.Supp. at 1140, citing *Glus,* 562 F.2d at 888. Coy, Williams and CECO had no reason to believe that Judith Dreisbach's EEOC/PHRC charges encompassed their actions or that they could properly be included as adverse parties in this lawsuit. *Cf. Kinnally,* 748 F.Supp. at 1141.

■ The plaintiffs, the parties asserting subject matter jurisdiction, have the burden of establishing that a proper basis for jurisdiction exists. *Packard v. Provident Nat'l. Bank,* 994 F.2d 1039, 1045 (3d Cir.1993). Plaintiff Judith Dreisbach did not identify defendants Coy, Williams and CECO in either of her EEOC/PHRC charges. She has failed to prove any of the factors under *Glus* and *Kinnally* that would permit her to proceed against these defendants without having first named them in an administrative proceeding. Accordingly, plaintiff Judith Dreisbach has failed to establish that this court has jurisdiction over the Title VII claims

against defendants Coy, Williams and CECO. The court will dismiss the Title VII claims against these defendants.

The Dreisbachs have not alleged jurisdiction based on diversity of citizenship. Assuming without deciding that this court would have supplemental jurisdiction over plaintiff's state law claims against Coy, Williams and CECO, it declines to exercise such supplemental jurisdiction in accordance with 28 U.S.C. § 1367(c)(3). Such claims will also be dismissed.

In contrast, the body of plaintiff Judith Dreisbach's initial EEOC/PHRC charge does specifically name defendant Gorban, and it describes with particularity the acts of which plaintiff complains. Indeed, it is Gorban's conduct which is the real focus of plaintiff's EEOC/PHRC charge and her later pleadings here. Gorban does not contend he did not have notice that his conduct was under investigation. Under *Kinnally* and *Glus* there is no jurisdictional bar to suit against Gorban at this time based on plaintiff's failure to name Gorban in the caption of her first EEOC/PHRC charge. Accordingly, defendant Gorban's motions to dismiss or in the alternative for summary judgment for plaintiff's failure to name him in an administrative charge must be denied.

■ Defendant Gorban also contends that he cannot be held liable under Title VII because he is not an "employer" within the meaning of 42 U.S.C. § 2000e–2(a).[3] The statute defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and *any agent* of such a person." 42 U.S.C. § 2000e(b) (emphasis added). It is well established that a supervisor may be an agent of an employer for purposes of this provision. *See, e.g., Acampora v. Boise Cascade Corp.,* 635 F.Supp. 66 (D.N.J.1986); *Vegh v. General Electric Co.,* 34 Fair Empl. Prac. Cas.

(BNA) 135, 1983 WL 30343 (E.D.Pa.1983). Plaintiff Judith Dreisbach alleges in her complaint that Gorban was her supervisor during part of the time period relevant to her claim. Plaintiff's Title VII claim against Gorban is thus sufficient to withstand his motions to dismiss and for summary judgment.

The remainder of defendant Gorban's motion urges dismissal of plaintiff's state law claims against him. Gorban's argument on this point is premised upon his assumption that this court would grant his motions to dismiss or for summary judgment on plaintiff's Title VII claims against him. As this assumption has proven to be incorrect, Gorban's motion will be denied.

### ORDER

AND NOW, this 5th day of April, 1994, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants Lynn Coy and James Williams to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED.

It is further ORDERED that the motion to dismiss (incorrectly captioned as a motion for summary judgment) of defendant Cummins Engine Co., Inc. (incorrectly referred to as Cummins Diesel Co., Inc.) is GRANTED.

It is further ORDERED that the motions of defendant Andrew Gorban to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure are DENIED.

It is further ORDERED that the motion of defendant Andrew Gorban for summary judgment is DENIED.

---

**3.** Under this section, it is:

an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e–2(a).