Maia **CAPLAN**

v.

**FELLHEIMER EICHEN BRAVERMAN AND KASKEY and David L. Braverman.**

Civ. A. No. 94–CV–7506.

United States District Court, E.D. of Pennsylvania.

April 24, 1995.

William H. Ewing, Carl Oxholm, III, Connolly Epstein Chicco Foxman Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed Smith Shaw & McClay (Helen M. Braverman, Fellheimer Eichen Braverman and Kaskey, of counsel), Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Defendant David Braverman has Moved this Court to Dismiss Count One of Plaintiff Maia Caplan's Amended Complaint against him. Caplan was an associate with the Defendant law firm of Fellheimer Eichen Braverman & Kaskey (the Firm). Braverman is the principal shareholder and managing partner of the Firm. Caplan's Amended Complaint alleges that Braverman and other members of the Firm created a hostile environment for women at the Firm and sexually harassed Caplan's female secretary. Caplan alleges that she was fired in retaliation for her protests against these actions. Caplan's Amended Complaint asserts causes of action against both Braverman and the Firm for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17 (1994), as well as negligent and intentional infliction of emotional distress, tortious interference with existing and prospective contracts, libel, and defamation. Both Defendants have asserted counterclaims against Caplan.

The basis of Braverman's motion is that he is not an "employer" within the meaning of Title VII, and that therefore, Caplan has failed to state a claim against him for which relief can be granted. In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990).

In ruling upon such a motion, the Court must accept as true all of the allega-

tions in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Lane Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

## DISCUSSION

 Title VII provides that:

It shall be an unlawful employment practice for an *employer*—to ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

§ 2000e–2(a)(1) (emphasis added). Title VII's Definition section states:

The term "employer" means any person engaged in an industry affecting commerce who has fifteen or more employees ... *and any agent of such a person.*

§ 2000e(b) (emphasis added). The dispute in this motion concerns the scope of the use of the word "employer." Braverman argues that he, as an individual, is not liable under Title VII, whereas Caplan argues that Braverman, as her supervisor, is individually liable as an agent of an employer.

Whether Braverman is an employer would seemingly be a straightforward question. However, as both parties recognize, there is a split, both among the Circuits and within this District, and the Third Circuit has not definitively ruled on this matter.

On one side of the split is the group that reads Title VII's § 2000e(b) literally, to hold that an agent of an employer is an employer, and therefore, subject to suit.[1] Several of our brethren in this District have specifically addressed this issue and held individuals personally liable under Title VII, although most limit the term "agent of such a person" to those employees in direct supervisory positions over the plaintiff. *See Doe v. William Shapiro, Esq., P.C.,* 852 F.Supp. 1246, 1252–53 (E.D.Pa.1994) (Gawthrop, J.); *Dreisbach v. Cummins Diesel Eng., Inc.,* 848 F.Supp. 593, 597 (E.D.Pa.1994) (Bartle, J.); *Duva v. Bridgeport Textron,* 632 F.Supp. 880, 882 (E.D.Pa.1985) (Ditter, J.). Others, while not specifically addressing the issue, have held that individuals can be sued under Title VII. *See Kinnally v. Bell of Pa.,* 748 F.Supp. 1136, 1141 (E.D.Pa.1990) (Pollak, J.). In addition, at least one court of appeals has held that individuals can be sued under Title VII. *See Paroline v. Unisys Corp.,* 879 F.2d 100, 104 (4th Cir.1989).

These cases find support for their construction of Title VII in the type of relief available to plaintiffs. When first enacted, Title VII plaintiffs were limited to reinstatement and backpay for their remedies. Title VII was amended in 1991, however, to add compensatory and punitive damages as available remedies. 42 U.S.C. § 1981a. Courts permitting individual liability hold that the 1991 amendments support the existence of individual liability because compensatory and punitive damages, unlike reinstatement, are forms of relief that individuals can provide. *See Johnson v. University Surgical Group Assoc.,* 871 F.Supp. 979, 983 (1994).

Courts on the other side of the split, in contrast, read the definition of employer, including the agent language, simply as making

---

1. Many of the cases address the issue of individual liability in the framework of "official" and "individual" capacity. Judge Gawthrop has written a compelling opinion that this distinction has been inappropriately grafted from § 1983's "color of state law" requirements onto Title VII, which has no color of law requirement. *Doe v. William Shapiro, Esq. P.C.,* 852 F.Supp. 1246, 1252–53 (E.D.Pa.1994). Even the cases discussed below which hold that individual capacity suits are not permissible under Title VII do nonetheless hold that official capacity suits are per-

missible. *Verde v. City of Philadelphia,* 862 F.Supp. 1329, 1332 (E.D.Pa.1994); *Timmons v. Lutheran Children,* 1993 Westlaw 533399 at *5 (E.D.Pa. Dec. 17, 1993).

We address only the issue of individual capacity because Plaintiff has clearly sued Braverman in his personal capacity, and seeks damages from him directly; she does not sue him simply as another means of suing the Firm. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

employers liable for the acts of their agents under a respondeat superior theory. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993). They reason that the overall import of Title VII counsels against holding individuals liable.

Their most persuasive argument is based on two other sections of Title VII. First, 42 U.S.C. § 2000e(b) expressly excludes from Title VII's coverage any employer with fewer than 15 employees, and second, 42 U.S.C. § 1981a(b)(3) provides a sliding scale of maximum liability under Title VII for employers of differing sizes, yet nowhere limits the liability of an individual. These courts reason that it is illogical to construe Title VII as protecting small employers from potentially huge damage awards, but leaving individuals open to those very dangers. *Miller*, 991 F.2d at 587 ("If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").

Several of our brethren in this District have held that there is no individual liability under Title VII. *See Verde v. City of Philadelphia*, 862 F.Supp. 1329, 1334 (E.D.Pa. 1994) (VanArtsdalen, J.); *Timmons v. Lutheran Children*, No. 93–4201, 1993 Westlaw 533399 at *5 (E.D.Pa. Dec. 17, 1993) (Yohn, J.). Several courts of appeals have held similarly, that individuals are not subject to suit under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir.1994); *Miller*, 991 F.2d at 587.

We find that there is no individual liability under Title VII but that the reference to *agents in the definition of employer is simply* to incorporate respondeat superior liability into Title VII. We agree with the reasoning of several of our brethren and the Fifth and Ninth Circuits, that if Congress had intended for individuals to be liable, it would have made this more explicit, would have placed individuals in § 1981a's list of maximum penalties, and would have been more express about which agents could be sued. We find even more persuasive the logic that Congress would not have exempted employers with up to 25 employees from liability, but kept an individual open to personal liability.

Plaintiff has sued David Braverman in his individual capacity under Title VII, and because we hold as a matter of law that an individual cannot be held personally liable under Title VII, that claim must be dismissed against David Braverman.