George C. CLARKE

v.

**Jani B. WHITNEY and Tri–Star Packaging, Inc.**

Civ. A. No. 95–1144.

United States District Court, E.D. Pennsylvania.

Dec. 11, 1995.

---

John L. Senft, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Plaintiff.

Saul H. Krenzel, Saul H. Krenzel & Associates, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Defendant Jani B. Whitney moves this Court to dismiss Counts One and Two of Plaintiff George C. Clarke's Complaint against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Clarke's lawsuit alleges that Defendant Tri–Star Packaging, his former employer, violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (1995) (ADA), the Pennsylvania Human Relations Act, 43 Pa.Cons.Stat. Ann. §§ 951–963 (1991) (PHRA) and the Pennsylvania Wage Payment and Collection Law, 43 Pa.Cons.Stat.Ann. §§ 260.1–260.45 (1992), when it allegedly terminated him because of a heart attack he suffered at work. The Complaint also makes these claims against Whitney, Tri–Star's principal shareholder and officer.

 Whitney argues that she is entitled to dismissal from the ADA and PHRA counts because there is no individual or official capacity liability under either statute. In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

 First, as the parties recognize, there is a split among courts in this District and around the nation whether individuals can be liable under either the ADA or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) (1994).[1] Some courts accept the

---

1. Much of the ADA's language is copied from Title VII. For this reason, it is well accepted that certain Title VII case-law is relevant to ADA

notion of individual liability, whereas others reject it as inconsistent with Congress's apparent intent. *Compare Dreisbach v. Cummins Diesel Eng., Inc.*, 848 F.Supp. 593, 597 (E.D.Pa.1994) (liability) *with Verde v. City of Philadelphia*, 862 F.Supp. 1329, 1334 (E.D.Pa.1994) (no liability). Predictably, Clarke and Whitney also split on this issue.

In *Caplan v. Fellheimer, Eichen, Braverman & Kaskey*, 882 F.Supp. 1529 (E.D.Pa. 1995) we addressed this split in the Title VII context. Following an analysis of the arguments made on both sides, we ruled that there is no individual liability under Title VII but rather that the reference to "agents" in the statute was intended to create respondeat superior liability. *Caplan*, 882 F.Supp. at 1532. We now rule, for the same reasons provided in *Caplan*, that there is also no individual liability under the ADA. For this reason, we dismiss Clarke's Complaint against Whitney insofar as it pleads an ADA claim against her individually.

Second, Clarke asserts that his Complaint is also against Whitney in her official capacity and that many courts, even those that do not recognize individual liability, have permitted official capacity suits to proceed. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993), *cert. denied*, — U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Clark v. Commonwealth of Pennsylvania*, 885 F.Supp. 694, 714 (E.D.Pa.1995); *Verde*, 862 F.Supp. at 1334–35. For this reason, he asserts that his claim against Whitney states a claim upon which relief may be granted.

In *Doe v. William Shapiro, Esq., P.C.*, 852 F.Supp. 1246, 1252–53 (E.D.Pa.1994), Judge Gawthrop discussed the individual/official capacity distinction as applied to Title VII and ADA cases. According to Judge Gawthrop, the official capacity suit originated due to the "color of law" requirement in 42 U.S.C. § 1983 cases. Because neither Title VII nor the ADA have any such requirement, he held in dicta that the individual/official capacity dichotomy was "a distinction without a basis in the law." *Id.* at 1253. Other courts have made similar rulings. *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 423 (D.N.J.1994); *Kelly v. Richland School Dist.*, 463 F.Supp. 216,

218 (D.S.C.1978); *Hanshaw v. Delaware Tech. & Comm. Coll.*, 405 F.Supp. 292, 296 (D.Del.1975).

Like those courts, we too find that the distinction between individual and official capacity is without a basis in ADA law. For this reason, we dismiss the Complaint against Whitney insofar as it states a claim against her in her official capacity under the ADA. Earlier, we ruled that there is respondeat superior liability under the ADA. Because a suit against a defendant in his or her official capacity is simply another way to sue the defendant's employing entity, (*Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)) and because Tri–Star is already a defendant to this action, there is no loss to Plaintiff if we dismiss Whitney from this case.

Finally, the parties agree that the PHRA should be interpreted to accord with Title VII and the ADA. *Barb v. Miles, Inc.*, 861 F.Supp. 356, 359 (W.D.Pa.1994); *Clark*, 885 F.Supp. at 713; *Violanti v. Emery Worldwide*, 847 F.Supp. 1251, 1257 (M.D.Pa. 1994). Because we found above that there is no legal claim against Whitney individually or officially under the ADA, we rule that there likewise is no claim against her under the PHRA. Accordingly, we dismiss that claim against her.

An appropriate Order follows.

### ORDER

AND NOW, this 11th day of December, 1995, upon consideration of Defendant Jani B. Whitney's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and response thereto, the Motion is hereby GRANTED. Counts One and Two of Plaintiff's Complaint are hereby DISMISSED against Defendant Whitney.

litigation. *Doe v. William Shapiro, Esq., P.C.*,

852 F.Supp. 1246 (E.D.Pa.1994).