**Daniel WEIN**

v.

**SUN COMPANY, INC., Susan Whittington, and J. Greg Driscoll.**

**Civil Action No. 95–7646.**

United States District Court, E.D. Pennsylvania.

July 31, 1996.

Jane L. Dalton, Duane, Morris & Heckscher, and Bruce A. Gelting, Philadelphia, PA, for plaintiff.

Anthony B. Haller, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Sun Company, Inc., defendant.

**OPINION**

GAWTHROP, District Judge.

Before the court in this sexual discrimination case is a motion to dismiss the individual defendants under the Pennsylvania Human Relations Act ("PHRA"), the Act of October 27, 1955, P.L. 744, as amended February 28, 1961, P.L. 47, 43 P.S. § 951 et seq., upon the proposition that they may not be sued in their individual capacities. Defendants argue that the PHRA should follow the Federal Title VII provision, 42 U.S.C. § 2000e et seq. (1994 & 1995 Supp.), which has been interpreted by some to preclude individual liability. *See, e.g., Ascolese v. SEPTA*, 902 F.Supp. 533 (E.D.Pa.1995); *Caplan v. Fellheimer Eichen Braverman and Kaskey*, 882 F.Supp. 1529 (E.D.Pa.1995) (same). *But cf. Doe v. William Shapiro, Esq., P.C.*, 852 F.Supp. 1246 (E.D.Pa.1994) (holding individual employees may be liable under Title VII). Plaintiff counters that the PHRA expressly provides for individual employee liability. I agree and shall thus deny defendants' motion.

Plaintiff brings this sexual discrimination action against defendants Sun Company, Inc., Susan Whittington, and J. Greg Driscoll. He alleges that defendants conducted an unfair investigation into charges made against him, demoted him because of his sex, retaliated against him for his filing of a sex discrimination complaint with the Pennsylvania Human Relations Commission and the Equal Opportunity Commission. Counts II and IV, respectively, contain claims against all three defendants under the PHRA, for sexual discrimination and retaliation. I first turn to the pertinent language of the PHRA:

It shall be an unlawful discriminatory practice. . . .

(d) For **any person,** employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

(e) For **any person,** employer, employment agency, labor organization **or employe,** to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955 (emphasis added).

One first observes that subsection 955(e) expressly provides for liability of "any person . . . . or employe" under the aiding, abetting, inciting, compelling, or coercion theory. This subsection unambiguously provides for individual employee liability. But as for retaliatory discrimination in subsection 955(d), although "any person" may be liable, the question arises whether a person who happens to be an employe may be personally liable, since that "employe" nomenclature is omitted from that subsection.

The definitional section of the PHRA, 43 P.S. § 954, defines "person" to include "one or more individuals" It also encompasses,

"but is not limited to, any . . . . employe." The definition of "employe" is not inclusive, but exclusive, expressly removing agricultural and domestic workers, workers who as part of their employment reside in the personal residence of the employer, or who are employed by their parents, spouse, or child. None of these definitional exclusions is here germane.

Thus, under the plain meaning of the language of the Pennsylvania statute, I conclude that an individual, to include these individual defendants, may be held personally accountable for retaliatory discrimination as well. A fortiori is this true when one observes that this case has nothing to do with domestics, farmers, live-in laborers, or nepotists.

■ I recognize that there are a number of decisions holding that the legislative product of the Pennsylvania General Assembly should be construed to be in conformity with what some suggest is the obvious trend of those construing the legislative product of the United States Congress, Title VII. And I recognize that statutes *in pari materia,* that is, relating to the same persons or things or to the same class of persons or things, are to be construed together if possible, as one statute. 1 Pa.C.S.A. § 1932. That conclusion is reinforced in that Title VII explicitly provides for concurrent state regulation:

Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.

42 U.S.C. § 2000e–7. That general statutory constructional guideline must give way to the specific statutory language: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing a spirit." 1 Pa.C.S.A. § 1921(d) (1995). As the Supreme Court instructs, "The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter." *Good Samaritan Hosp. v. Shalala,* 508 U.S. 402, 409, 113 S.Ct. 2151,

2157, 124 L.Ed.2d 368 (1993) (internal quotation marks omitted). The plain language of the PHRA is clear; it is free from ambiguity. And it expressly proclaims that "any person" can be liable.[1] Hence, these persons, these individuals, I shall not dismiss.

1. Defendants invite the court's attention to several opinions that have viewed the PHRA in precisely the manner that defendants suggest. *See Tori v. Shark Info. Servs.,* 1995 WL 764578 (E.D.Pa. Nov. 30, 1995); *Orlando v. Opera Co. of Philadelphia,* 1995 WL 710506 (E.D.Pa. Nov. 30, 1995); *Adams v. Purfield,* 1995 WL 610654 (E.D.Pa. Oct. 18, 1995); *Pierce v. Philadelphia Housing Auth.,* 1995 WL 447614 (E.D.Pa. July 26, 1995); *Clark v. Com. of Pennsylvania,* 885 F.Supp. 694, 714 (E.D.Pa.1995).

For example, in *Tori,* at *4 n. 3, the court stated that "Federal courts have held that the PHRA should be interpreted consistently with Title VII," citing *Clark, Barb v. Miles,* 861 F.Supp. 356, 359 (W.D.Pa.1994), and *Violanti v. Emery Worldwide A–CF Co.,* 847 F.Supp. 1251, 1257 (M.D.Pa.1994), and noting the parties' concurrence with this proposition. In *Orlando,* at *2, the court stated that "There appears to be no question that the PHRA.... does not provide remedies against fellow employees in their individual capacities," citing *Pierce* and *Clark.* In *Adams,* at *3, after concluding that defendant was not liable in his individual capacity, the court dismissed both the Title VII and PHRA claims against him. The *Adams* court, at *3, without so stating or providing legal authority in support thereof, implicitly held that the PHRA is to be interpreted consistently with Title VII. In *Pierce,* at *3, the court cited *Kryeski v. Schott Glass Technologies,* 426 Pa.Super. 105, 626 A.2d 595, 598 (1993), for the proposition that, in considering PHRA cases, the court looks to Title VII jurisprudence. However, the *Pierce* court then held that the PHRA does not provide for individ-

ual employee liability, citing *Clark* in a string cite. In *Clark,* at 714, the court concluded that, although it "analyzed individual liability under Title VII the same holds true for.... PHRA claims," citing *Barb* and *Violanti* in the previous sentence.

Although they are not binding on this court, the *Barb* and *Violanti* opinions merit examination, because a few opinions from this court have cited them for the proposition that the PHRA and Title VII are to be interpreted consistently with one another, and in turn these opinions have been cited. In *Barb,* the District Court for the Western District of Pennsylvania stated in footnote 1 that "The courts have uniformly held that the PHRA should be interpreted consistent with Title VII." The *Barb* court provided no citation in support of this assertion, and this same unsupported language was cited in this district's opinions in *Tori* and *Clark.* The *Clark* court cited *Barb,* the *Pierce* court cited *Clark,* and then the *Orlando* court cited *Pierce.* None of these opinions examined the reasoning behind the cited authority. In *Violanti,* at 1257, after reviewing Title VII jurisprudence, the District Court for the Middle District of Pennsylvania concluded that "The same considerations apply to the imposition of individual liability under the PHRA," and dismissed plaintiff's federal and PHRA claims. The *Violanti* court similarly provided no authority for the proposition that the PHRA is to be interpreted consistently with Title VII.

Because, as discussed, I read the plain language of the PHRA to compel a contrary result, I respectfully decline to follow these opinions.