Puneeta **KUNWAR, Plaintiff,**

v.

**SIMCO, a division of ILLINOIS TOOL WORKS, INC., et al., Defendants.**

No. CIV. A. 00–CV–6568.

United States District Court,
E.D. Pennsylvania.

March 30, 2001.

---

Michael I. Levin, Anne E. Hendricks, Levin Legal Group, P.C., Huntingdon Valley, PA, for Plaintiff.

Michael F. Kraemer, Brian W. Waerig, White and Williams, LLP, Philadelphia, PA, for Defendants.

## *MEMORANDUM*

JOYNER, District Judge.

This is an employment discrimination case brought by Plaintiff Puneeta Kunwar ("Plaintiff") against her employer Simco and several Simco employees, including Kien Van Nguyen ("Van Nguyen"), Robert McGuire ("McGuire"), Jeffrey Serrone ("Serrone"), Laxmi Patel ("Patel"), and Mohammed Islam ("Islam")[1] (collectively, "Defendants"). In her Complaint, Plaintiff asserts that certain Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 955, by unlawfully discriminating against her on the basis of sex, subjecting her to a hostile work environment, and retaliating against her for filing a sexual discrimination claim. Presently before the Court is Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, we will grant Defendants' Motion in part and deny it in part.

## BACKGROUND

Accepting Plaintiff's allegations as true, the relevant facts are as follows. Simco is a division of Illinois Tool Works, Inc., a Delaware corporation with its corporate headquarters in Chicago, Illinois. The Simco manufacturing facility at issue in this case is located in Hatfield, Pennsylvania. In April 1997, Plaintiff began working for Simco in its production assembly department. During her time in that department, Plaintiff was directly supervised by Serrone, who was the Cell Manager. Plaintiff was also under the supervision of Van Nguyen, who was the Lead Assembler

---

1. Mr. Islam is also referred to as Mohammed Faruk.

in that department.[2] McGuire, Vice President for Operations, oversaw all of Simco's operational departments, including those where Plaintiff worked.

Plaintiff alleges that shortly after starting work at Simco, Serrone began sexually harassing her by, among other things, rubbing her shoulders and touching her in a sexually inappropriate manner. Despite Plaintiff's objections, Serrone continued his unsolicited contact. During the same period, Van Nguyen and another co-worker, Patel, began harassing Plaintiff in a number of ways such as directing sexual comments toward her, making sexual advances, and telling sexually explicit jokes in her presence. Plaintiff again objected to Van Nguyen and Patel's behavior, and ultimately reported it to Serrone on several different occasions throughout 1997 and 1998. In apparent response to her complaints, Plaintiff was called to Serrone's office sometime in spring 1997 where she met with Serrone and Van Nguyen. At that meeting, Serrone and Van Nguyen issued Plaintiff an official warning about her bad "attitude" and "unhappy face." No other action was taken.

Several months later, two new employees, Sal Garcia[3] and Islam, were hired into Plaintiff's department. Once starting at Simco, both Garcia and Islam began sexually harassing Plaintiff. Having received no satisfactory response previously from Serrone, Plaintiff reported the harassment directly to McGuire. Despite that report, no action was taken to address the problem, and the harassment by Garcia and Islam continued unabated throughout the first part of 1998.

In July 1998, Plaintiff was transferred to Simco's power supply department. After her transfer, apparently no further harassment by Van Nguyen, Patel, or Serrone occurred. However, Islam continued to harass Plaintiff by making obscene hand gestures at her and threatening her with violence. In response to this ongoing mistreatment, Plaintiff again reported Islam's conduct to McGuire, who responded by telling Plaintiff to "ignore it." Still unsatisfied, Plaintiff submitted a written statement to Simco outlining the threats and misconduct to which she had been, and continued to be, subjected. This statement was received by Simco's human resources department, but, according to Plaintiff, still no remedial action was taken. Plaintiff also alleges that during the time she was being harassed, she was denied several newly available positions at Simco in retaliation for her complaints.

In September 1999, Plaintiff was involuntarily transferred to Simco's molding department where her new duties largely involved working with and handling hazardous chemicals. Plaintiff expressed her doubts about her ability to perform these new duties and her fear of being injured. Her supervisors responded to her that if she did not accept the transfer, she would be fired. After working in the new posi-

---

**2.** Simco's Position Statement—Part II, which accompanied Simco's response to Plaintiff's PHRC charge (see Pl.Resp. Ex. A.), indicates that, while Van Nguyen gave out work assignments in the department, he did not have any supervisory responsibilities. Regardless of whether Van Nguyen had any actual supervisory authority, it is reasonable that Plaintiff would perceive him as having such. We note that this distinction is important in the Title VII context because the standards of liability for employers are different depending on whether the harassment was done by a supervisor or a co-employee. See, e.g., Jackson v. T & N Van Serv., 86 F.Supp.2d 497, 499–500 (E.D.Pa.2000). However, because we will dismiss claims against Van Nguyen as time barred, see infra Part III, we need not decide for purposes of this motion which description properly fits Van Nguyen as a matter of law.

**3.** Mr. Garcia is not a party to this case.

tion for a short period, Plaintiff suffered a number of injuries allegedly caused by exposure to chemicals. The medical treatment Plaintiff received for these injuries resulted in her missing two months work. Plaintiff alleges that Simco initially denied her appropriate workers' compensation for this lost time, but later did allow her to collect her rightful benefits.

Finally, on October 18, 1999, Plaintiff dual-filed her first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). She later filed a second charge in July 2000, alleging further retaliation by Simco for her filing her first charge. After receiving her right to sue notice, Plaintiff initiated the instant action in this Court on December 29, 2000.

## DISCUSSION

### I. *Legal Standard*

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah·v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000) (internal quotations omitted). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. *See Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Cos., Inc.,* 186 F.3d 338, 342 (3d Cir.1999) (internal quotations omitted).

### II. *Failure to Exhaust*

▮ Generally, an employee must exhaust all administrative remedies by filing a charge of discrimination with the appro-

priate state or federal agency before filing suit under Title VII or the PHRA. *See, e.g., Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984). In exhausting her administrative remedies, the plaintiff is required to name all persons alleged to have committed acts of discrimination. *See* 42 U.S.C. § 2000e–5(f)(1); 43 P.S. § 959. The purpose behind this rule is to alert the implicated parties and to encourage an informal conciliation process in lieu of trial. *See Dreisbach v. Cummins Diesel Engines, Inc.,* 848 F.Supp. 593, 595 (E.D.Pa. 1994). There are, however, circumstances under which a plaintiff may be permitted to sue a party not specifically named in the administrative charge. The Third Circuit has recognized this exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Educ.,* 903 F.2d 243, 252 (3d Cir.1990); *see also Glus v. G.C. Murphy Co.,* 629 F.2d 248, 251 (3d Cir.1980) (stating four-part test for exception to exhaustion requirement). As a result of this exception, district courts have permitted discrimination suits to go forward, notwithstanding imperfect exhaustion, in a variety of situations. *See, e.g., Glickstein v. Neshaminy Sch. Dist.,* No. CIV.A. 96–6236, 1999 WL 58578, at *6 (E.D.Pa. Jan.26, 1999) (party named in body of EEOC complaint on notice even if not named in caption); *Dreisbach,* 848 F.Supp. at 597 (same); *Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136, 1140 (E.D.Pa.1990) (same); *Carter v. Philadelphia Stock Exchange,* No. CIV.A. 99–2455, 1999 WL 715205, at *3 (E.D.Pa. Aug.26, 1999) (claims against party included in ADA questionnaire regarded as exhausted). *But see Davies v. Polyscience, Inc.,* 126 F.Supp.2d 391, 393–94 (E.D.Pa.2001) (plaintiff failed to exhaust with respect to party not named anywhere in EEOC charge or right to sue letter);

*Dixon v. Philadelphia Hous. Auth.,* 43 F.Supp.2d 543, 545–46 (E.D.Pa.1999) (exhaustion exception inapplicable where nothing in administrative charge suggested discriminatory act by party).

■ In this case, Defendants contend that because Plaintiff named only "Simco" in the caption of her administrative charge, she has failed to exhaust her administrative remedies with respect to the individual Defendants. In making this argument, Defendants overlook the text in the body of Plaintiff's charge. After setting forth a general allegation of sexual harassment, the October 1999 EEOC charge lists particular acts of discrimination committed by Van Nguyen, Patel, and Islam. (Def.Ex. A). The charge also states that McGuire did not take any action to correct this discrimination, despite Plaintiff's complaints. (*Id.*). Plaintiff further expanded on her allegations against McGuire in her July 2000 EEOC charge. (Def.Ex. B). Given that each of the above named Defendants were specifically referred to in one or both of Plaintiff's EEOC charges, we find that they were sufficiently put on notice and that Plaintiff has exhausted her administrative remedies with respect to them. *See Glickstein,* 1999 WL 58578, at *6; *Dreisbach,* 848 F.Supp. at 597; *Kinnally,* 748 F.Supp. at 1140–41.

■ With respect to Defendant Serrone, however, it is evident that Plaintiff failed to make any mention of him whatsoever in her administrative charges. Plaintiff attempts to explain this omission in her Re-sponse by arguing that "because [Serrone] was Plaintiff's supervisor, and one of the individuals to whom Plaintiff complained about the misconduct of Van Nguyen and Patel, his inclusion as a defendant should come as no surprise." (Pl.Resp. at 9). We find Plaintiff's explanation unpersuasive. There is nothing inherent to a supervisor's role that would automatically implicate him in an employee's discrimination claims against co-workers, other supervisors, or the company at-large. Plaintiff's omission of Serrone is particularly glaring in view that she named not only several co-workers in her charge, but two different supervisors (Van Nguyen and McGuire) as well. As further proof of lack of notice, we note that Serrone was also not referred to in Simco's Response to the Charge or the accompanying Policy Statement. (Pl.Ex. A).[4] In light of these circumstances, we cannot conclude that Serrone was on notice of the EEOC/PHRC proceedings or otherwise had any reason to believe that he was an adverse party. *See Dreisbach,* 848 F.Supp. at 596 (dismissing claims against certain defendants who were not mentioned in any way in administrative charge). For the above reasons, we will grant Defendants' Motion to Dismiss on grounds of failure to exhaust with respect to Serrone and deny it with respect to all other Defendants.[5]

III. *Statute of Limitations and Continuing Violation Theory*

Under Title VII, a plaintiff must file his complaint with the EEOC within 180 days

4. Serrone was listed as one of Plaintiff's immediate supervisors in the "Questions Concerning Harassment" document, which accompanied Simco's specific response. In addressing the request to "identify Charging Party's immediate and second level supervisor at the time of the incident," Simco listed Serrone along with other individuals. Only Serrone's name and title was listed in this section, and nothing therein pertained to specific allegations, denials, or explanations. Moreover, in later questions asking for the names of the alleged harassers, Serrone is not mentioned in any way. (Pl.Ex. A.).

5. It also appears that, irrespective of exhaustion, the claims against Serrone are barred by the statute of limitations. *See infra* Part III and note 7.

of the alleged discrimination or within 300 days of the alleged discrimination if he initially instituted proceedings with a state or local agency such as the PHRC. 42 U.S.C. § 2000e–5(e). Under the PHRA, a plaintiff must file with the PHRC within 180 days of the alleged discriminatory conduct. 43 P.S. § 959(h). *See also Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 480 (3d Cir.1997); *LaRose v. Philadelphia Newspapers, Inc.*, 21 F.Supp.2d 492, 498 (E.D.Pa.1998). Plaintiff dual-filed her first charge with the EEOC/PHRC on October 18, 1999. Based on the above, the retrospective limitations period that would normally bar claims for earlier events began to run on December 21, 1998 for Title VII and April 20, 1999 for the PHRA. Defendants argue that as a result of this calculation, many, and in some cases all, of the discriminatory acts by certain Defendants must be excluded from consideration. Plaintiff counters that the continuing violation theory saves her claims in their entirety.

■ "The continuing violation theory allows a 'plaintiff [to] pursue a Title VII claim for discriminatory conduct that began prior to the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant.'" *Rush*, 113 F.3d at 481 (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir.1995)). For the theory to apply, a plaintiff must fulfill a two part test: First, the plaintiff must demonstrate that at least one discriminatory act occurred within the statutory peri-

od. And second, the plaintiff must show a continuing pattern of discrimination, i.e., something more than just an occurrence of isolated or sporadic acts of intentional discrimination. *See id.* (citing *West*, 45 F.3d at 754–55). In evaluating whether the second prong of the test is met, courts should consider the subject matter, frequency, and permanence of the discrimination. *Id.* (citations omitted); *LaRose*, 21 F.Supp.2d at 498. The most important of these factors is permanence. As the Third Circuit noted, the critical inquiry in this regard is whether the act has "'the degree of permanence which should trigger an employee's awareness of and duty to assert this [sic] or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate.'" *Rush*, 113 F.3d at 482 (citing *Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971, 981 (5th Cir. 1983)).

■ Turning first to the claims against Van Nguyen and Patel, we conclude that Plaintiff has not adequately demonstrated a continuing violation by these Defendants. Plaintiff devotes most of her discussion to the second prong of the continuing violation test, particularly focusing on the degree of permanence of Defendants' acts. After reviewing the parties' briefs and the pleadings, however, we find that we need not address this argument because Plaintiff has failed to fulfill the first prong of that test.[6] While Plaintiff cites several

---

6. In her Response, Plaintiff states that "[a]pparently, Defendants have conceded that Plaintiff's Complaint fulfills the first prong [of the continuing violation test] because, in their motion to dismiss, they did not argue that Plaintiff had not fulfilled this prong." (Pl. Resp. at 3). We disagree with Plaintiff's reading of Defendants' Motion. In their accompanying Memorandum, after listing the

discriminatory acts that Plaintiff alleged they committed, Defendants state that "the incidents described above are all outside the statute of limitations period and any claims based thereon should be dismissed." (Def.Mem. at 6–7). Although Defendants go on to discuss the continuing violation theory in greater detail with respect the second prong, the language in other portions of Defendants' Mo-

paragraphs in her Complaint that allege discriminatory acts by Defendants, (*see* Pl. Resp. at 3 (listing Compl. ¶¶ 33, 36, 40–48, 50, 52–60, 63–67, 69, 79)), none of these paragraphs alleges any incident involving Van Nguyen or Patel that occurred within the statutory period. Indeed, there is no allegation in any portion of the Complaint or administrative filings that suggests that Van Nguyen or Patel engaged in discriminatory conduct within the required time period.[7] As a result, the claims against these Defendants are time-barred and will be dismissed.

▮ Plaintiff has, however, alleged some discriminatory conduct against Simco, McGuire, and Islam that falls within the statutory time period. (*See* Compl. at ¶¶ 40–58). Thus, the only question is whether Plaintiff has met the second prong of continuing violation theory, which, if fulfilled, would allow Plaintiff to base her claims on events that occurred outside the limitations period. *See Rush*, 113 F.3d at 482; *LaRose*, 21 F.Supp.2d at 498 (noting that, in the context of hostile work environment claim, plaintiff may include events outside limitations period "if it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct or if the earlier conduct would only have been actionable in lights of events that occurred later within the limitations period.").

Of the three factors to be evaluated, there does not appear to be any dispute that the subject matter and frequency of the alleged discrimination by Simco, McGuire, and Islam demonstrate an ongoing pattern. As for the third factor, degree of permanence, we first note that there was no discrete "triggering event" that would have necessarily notified Plaintiff of her need to assert her rights. *Compare West* 45 F.3d at 756 (harassment did not cause discrete event like lost job or denied promotion and, therefore, did not trigger duty to assert rights) *with Hicks v. Big Brothers/Big Sisters of Am.*, 944 F.Supp. 405, 408 (E.D.Pa.1996) (plaintiff who endured discriminatory comments, unequal pay, and most significantly wrongful termination should have been alerted to act and, therefore, could not rely on continuing violation theory). In addition, the series of discriminatory acts and non-responses that Plaintiff attributes to Simco, Islam, and McGuire are neither isolated nor sporadic, but rather quite consistent. Accepting all of her allegations as true, Plaintiff has demonstrated a continuous pattern of rude remarks and harassing behavior, along with both repeated failures to address the situation and retaliatory conduct. As a result, we find that Plaintiff has met her burden in showing a continuing violation with respect to Simco, McGuire, and Islam. Accordingly, we will deny Defendants' Motion with respect to those Defendants, and allow Plaintiff to include actions by them that occurred outside the limitations period in presenting her claims.[8]

---

tion indicates that no concession was made with respect to the first prong.

7. It appears from the Complaint that, after Plaintiff was transferred from the production assembly department to the power supply department in July 1998, she had no relevant contact with Van Nguyen, Patel or Serrone. In any event, no allegation of discriminatory conduct on the part of these individuals after July 1998 is made.

8. Plaintiff also argues briefly in favor of application of the equitable tolling doctrine in this case. We need not consider this argument with respect to Simco, McGuire, and Islam because we have already determined that their actions are not time-barred by virtue of the continuing violations theory. In addition, we find that Plaintiff has presented no evidence that would recommend equitably tolling the limitations period with respect to Van Nguyen or Patel. Consequently, we stand by

## CONCLUSION

For the foregoing reasons, we will grant Defendants' Motion with respect to Defendants Serrone, Van Nguyen, and Patel and deny it with respect to Defendants Simco, McGuire, and Islam. An appropriate order follows.

## *ORDER*

AND NOW, this day of March, 2001, upon consideration of Defendants' Motion to Dismiss (Document No. 3), and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED with respect to Defendants Serrone, Van Nguyen, and Patel and DENIED with respect to Defendants Simco, McGuire, and Islam.

our finding above that claims against Van Nguyen and Patel are time-barred.