**MID–STATE ELECTRIC, INC., Plaintiff,**

v.

**H.L. LIBBY CORPORATION, Defendant,**

v.

**Richard MORGAN, Sunray Electric Supply Co. and John Lucarini, Third–Party Defendants.**

Civ. A. No. 88–1138.

United States District Court, W.D. Pennsylvania.

Feb. 18, 1992.

Paul Barnett, Cumberland, Md., for plaintiff.

Thomas E. Reilly, David B. Salzman, Gregory M. DeVine, Harold Gondelman, Pittsburgh, Pa., and Bryan Bolton, Baltimore, Md., for defendant.

Richard Morgan, pro se.

## MEMORANDUM OPINION

LEWIS, District Judge.

On June 20, 1991, defendant/third-party plaintiff H.L. Libby Corporation ("H.L. Libby") filed a motion for leave to file a consolidated amended counterclaim and third-party complaint. The proposed pleading would consolidate all of H.L. Libby's claims against both the plaintiff and the third-party defendants into a single document. It would also drop all claims against John Lucarini.

Finally, and most important, the consolidated amended counterclaim and third-party complaint would add claims against other parties currently in the case. Specifically, it alleges the following claims:

> Count I Common-law breach of contract claim against plaintiff Mid–State Electric, Inc. ("Mid–State");
>
> Count II Common-law fraud claim against Mid–State and third-party defendant Richard Morgan;
>
> Count III Common-law fraud claim against third-party defendant Sunray Electric Supply Co. ("Sunray");
>
> Count IV Claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), against Mid–State and Morgan;
>
> Count V RICO § 1962(c) claim against Morgan; and
>
> Count VI RICO § 1962(c) claim against Mid–State.

Of these, the claims asserted in Counts IV, V and VI are new. In addition, although H.L. Libby has previously claimed that Sunray participated in fraudulent conduct, this is the first time H.L. Libby has crystalized its claims of such participation into a plea for relief.[1]

The claims set forth above are all based upon the same facts and the same allegations known to all parties in the case since the very beginning. H.L. Libby indicates that it did not assert its RICO claims until after it deposed third-party defendant John Lucarini in June, 1990, because it did not have a reasonable basis to argue that Mid–

---

1. H.L. Libby had previously asserted that Sunray was liable to it for contribution or indemnity if it were found to be liable to Mid–State for breach of contract. Sunray counterclaimed against H.L. Libby claiming breach of contract and unjust enrichment. As a defense to that counterclaim, H.L. Libby argued that Sunray had participated in an alleged fraudulent kickback scheme with Morgan and Lucarini. *See* corrected pretrial stipulation filed by the parties on January 22, 1992. Thus, although there was no count denominated "fraud" against Sunray, Sunray had been aware of allegations that it participated in fraudulent conduct for a while. Therefore, Sunray's arguments regarding the statute of limitations must at the very least await development of facts at trial.

State had participated in a RICO scheme until it heard Mr. Lucarini's deposition testimony. (Mr. Lucarini had not been deposed earlier because criminal proceedings were pending against him with regard to the same scheme as is at issue here, and he asserted his Fifth Amendment right not to incriminate himself.)

Moreover, under the pretrial schedule established by the judge to whom this case was assigned at that time, it was likely that two years remained until trial at the time the motion to amend was filed. Although trial is now scheduled for March 30, 1992—and the judge to whom this case was previously assigned (the Honorable Donald J. Lee) had given the parties that date as a "back-up" trial date—the parties realistically expected trial to begin on June 14, 1993 (the "firm" trial date given by Judge Lee) at the time the motion currently at issue was filed.

The court is troubled by two aspects of H.L. Libby's motion. First, H.L. Libby represents to this court that Judge Lee granted it leave to file the motion at issue. To the contrary, the order entered by Judge Lee on May 21, 1991, granted H.L. Libby leave to file a motion to add two entities who are not now and never have been parties to this litigation as third-party defendants.

Second, as Mid–State correctly notes, this case is related to a RICO case which is pending against Richard Morgan and John Lucarini at Civil Action No. 86–1777. In December, 1989, the plaintiff at 86–1777 (which is apparently related to H.L. Libby) moved in effect to consolidate the two cases and to be allowed to explore the possibility of asserting RICO claims against Mid–State and certain other entities. *See* petition to reopen, allow counterclaim and schedule discovery (pleading number 48 at 86–1777). The judge to whom these cases were then assigned de-

nied the motion. *See also* earlier motion to consolidate (pleading number 32) (filed in May, 1988).

H.L. Libby's proposed consolidated amended counterclaim and third-party complaint effectively consolidates the two cases by asserting in this case the same RICO claims asserted against Mr. Morgan at Civil Action No. 86–1777. This conclusion is buttressed by the statement by plaintiff in 86–1777 that:

> Currently pending before the court in case no. 88–1138 is a motion of H.L. Libby Corporation ("H.L. Libby") for leave to file a consolidated amended counterclaim and third-party complaint. If leave is granted, LaValle Associates anticipates asking this court, after the trial of the 88–1138 action, to dismiss this action [86–1777] without prejudice.

Pretrial stipulation filed by plaintiff La-Valle Associates at 86–1777.

 Nevertheless, neither Mid–State nor Sunray[2] has specifically articulated either any futility, untoward delay on H.L. Libby's part or tremendous prejudice resulting from the proposed amendment. Moreover, other than delay of the trial, the court cannot articulate resulting prejudice of the type which could justify refusing amendment. It is true that whether to grant leave to amend is a matter committed to this court's discretion. *Averbach v. Rival Manufacturing Co.*, 879 F.2d 1196, 1203 (3d Cir.1989). Given the liberal standards established by the United States Court of Appeals for the Third Circuit in the area of amending complaints, despite its reservations, the court will permit H.L. Libby to file its proposed consolidated amended counterclaim and third-party complaint. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l. Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425–27 (3d Cir.1981).

---

**2.** Third-party defendant Richard Morgan did not respond to H.L. Libby's motion. Mr. Morgan is apparently proceeding *pro se* in this case (as he is at Civil Action No. 86–1777). Default had been entered against him in this case, so, absent the amendment, his only participation at this stage of the litigation would have been to

contest the amount of damages that might be awarded against him. Filing the proposed consolidated amended counterclaim and third-party complaint will, of course, negate the default previously entered against him and permit him the opportunity to respond to the allegations against him.

Both Mid–State and Sunray claim a need for additional discovery, but they do not explain why additional discovery is needed. Because the new claims H.L. Libby seeks to assert merely attach new names to allegations already in the case, the court sees no reason for additional discovery. Mid–State, Sunray and Morgan will, of course, be given the chance to respond to the new allegations against them and an opportunity to amend their pretrial statements accordingly. First, however, H.L. Libby will be required to further delineate its RICO claims against Morgan and Mid–State in a RICO case statement.

H.L. Libby is cautioned that all of its claims against Mid–State, Sunray or Morgan are now asserted in the consolidated amended counterclaim and third-party complaint. It may not point to any other source of claims against any of these parties. All claims against third-party defendant John Lucarini have been dropped.

An appropriate order will follow.