George H. CLARKE

v.

Jani B. WHITNEY and Tri–Star Packaging, Inc.

Civil Action No. 95–CV–1144.

United States District Court, E.D. Pennsylvania.

July 25, 1996.

**149**

John L. Senft, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Plaintiff.

Saul H. Krenzel, Saul H. Krenzel & Associates, Philadelphia, PA, for Defendants.

---

### MEMORANDUM

JOYNER, District Judge.

This action comes before us on the motion of Defendants Tri–Star Packaging, Inc. ("Tri–Star") and its principal shareholder,

Jani B. Whitney, for summary judgment. In 1993, Plaintiff George H. Clarke was terminated from his position at Tri–Star, allegedly because of a heart attack he suffered earlier that year. Plaintiff claims that his discharge violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213 (1995) ("ADA"), and the Pennsylvania Human Relations Act, 43 Pa.Cons.Stat.Ann. §§ 951–63 (1991 & Supp. 1994) ("PHRA"). In addition, Plaintiff claims that Defendant failed to pay his final wages in violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa.Cons. Stat.Ann. §§ 260.1–.45 (1992) ("PWPCL"). Defendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56(c).

### Standard of Review

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

### Discussion

*1. Americans with Disabilities Act*

Defendant seeks summary judgment on this claim on the ground that it is not an "employer" under the ADA. An ADA employer is:

a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year ... *except that,* for two years following the effective date of this subchapter, an employer means a person ... who has 25 or more employees.

42 U.S.C. § 12111(5)(A) (emphasis added). It is uncontested that Defendant employed fewer than 25 total employees in both 1992 and 1993, the relevant years for this action. If the 25 employee minimum applies, then, Defendant is not an ADA employer, and therefore not liable under Plaintiff's ADA claim.

Plaintiff, however, maintains that the relevant number for this action is 15, not 25, and claims that he can show that Defendant employed at least 15 employees in the requisite years. Plaintiff argues that because this action was filed after the number changed to 15, that this number should be used, even though the 25 employee limit was in place when the discrimination occurred.

Plaintiff asserts that the employee minimum is merely remedial or procedural in nature, and that therefore, it may be applied retroactively. *Clark v. Sears, Roebuck & Co.,* 827 F.Supp. 1216 (E.D.Pa.1993); *In re Gailey, Inc.,* 119 B.R. 504 (Bankr.W.D.Pa. 1990). According to Plaintiff, the change does not affect Defendant's rights because Defendant had no right to discriminate against people with disabilities at any time under the restrictions placed on it by the PHRA. 43 Pa.Cons.Stat.Ann. § 954(b).

Neither party has supported its argument why the employee minimum should or should not be applied retroactively with citation to any ADA case. This Court's own research, however, has produced three cases alleging discrimination during the 25 employee period, but brought after the change to 15 employees. In each case, the court applied the 25 employee minimum. *Villasenor v. Industrial Wire & Cable, Inc.,* 929 F.Supp. 310, 313 n. 4 (N.D.Ill.1996) ("Because the alleged discrimination took place before July 1994, the '25 or more employees' definition applies to the instant case"); *EEOC v. St. Francis Xavier Parochial School,* 928 F.Supp. 29, 32

n. 1 (D.D.C.1996) ("Because the event underlying the instant action occurred within the two years following the effective date of the ADA, the jurisdictional threshold is 25 or more employees"); *Zatarain v. WDSU–Television, Inc.,* 881 F.Supp. 240, 245 n. 6 (E.D.La.1995) ("Although the statute was amended effective July 26, 1994 to define an employer as a person with 15 or more employees, plaintiff was employed when 25 or more employees was required").

Based on our reading of the case-law and the language of the statute itself, we find no support for Plaintiff's idea that section 12111(5)(A) should be applied retroactively. Because of that, we look to whether Defendant employed more than 25 employees in the relevant years of 1993 and 1992. It is agreed that Defendant did not, and therefore, Defendant cannot be considered an "employer" under the ADA. That being the case, summary judgment shall be granted in Defendant Tri–Star's favor on Plaintiff's ADA claim.

### 2. State Law Claims

In anticipation of the above result, Defendants also ask this Court to dismiss the Complaint's remaining claims, both under state law, on the basis of lack of jurisdiction. Count Two seeks relief under the PHRA for the alleged discriminatory discharge and Count Three seeks damages under the PWPCL for Plaintiff's final paycheck. Plaintiff concedes that his Complaint only alleges jurisdiction based on a federal question. He asserts, however, that a fair reading of his Complaint demonstrates diversity jurisdiction as well. 28 U.S.C. §§ 1331, 1332. Because of that, Plaintiff asks this Court to retain Counts Two and Three on the basis of diversity jurisdiction.

28 U.S.C. § 1332 provides that a federal district court has original jurisdiction over actions in which the amount in controversy exceeds $50,000 and the parties are citizens of different states. The burden is on Plaintiff to demonstrate subject matter jurisdiction, and a district court may make findings of fact based on extra-pleading material submitted to it. *Doe v. William Shapiro,*

*Esq., P.C.,* 852 F.Supp. 1246, 1249 (E.D.Pa. 1994). When a complaint's allegations are defective but it appears that they can be cured, courts should not dismiss, but should grant leave to amend to cure the defects. *Mimbs v. Commercial Life Ins. Co.,* 818 F.Supp. 1556, 1559 (S.D.Ga.1993); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 217 (1990).

■ Given the above, we first look to whether the parties are diverse from each other. The Complaint alleges that Plaintiff resides in Pennsylvania and that Tri–Star has offices in Pennsylvania. With respect to Defendant Whitney, the Complaint alleges that she resides in the state of Florida. It is apparently uncontested that she is a citizen of that state and is therefore diverse from Plaintiff.

There are, however, no allegations that Tri–Star is a citizen of a different state and that therefore, Tri–Star is diverse from Plaintiff. Evidence proffered by Plaintiff, however, indicates that Defendant may be a citizen of Florida. For this reason, we presume that such an allegation can be made and grant Plaintiff leave to amend to make the proper jurisdiction allegations, if he can.

■ Assuming that the Complaint will be amended to allege Florida citizenship, we turn to Tri–Star's remaining arguments why there is no diversity of citizenship. Tri–Star contends that although it is a Florida corporation, its principal and only place of business is in Pennsylvania. For purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). In Pennsylvania, the location of a corporation's principal place of business is a fact question. *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir.1995). Courts ask where the corporation's "headquarters of day-to-day corporate activity and management" are located to make this decision. *Kelly v. United States Steel Corp.,* 284 F.2d 850, 854 (3d Cir.1960).

■ Because it contends that its principal place of business is in Pennsylvania, Tri–Star asserts that it is not diverse from Plaintiff. Defendant has not, however, proffered any evidence to support this assertion, not even an affidavit of its owner or manager.

In contrast, Plaintiff points to Defendant's Answer, wherein Tri–Star "denied as stated" Plaintiff's allegation that Tri–Star is a "corporation with offices" in Pennsylvania. Tri–Star clarified the matter by alleging that it "is a Florida corporation which rents a small warehouse" in Pennsylvania. Plaintiff also directs the Court's attention to Tri–Star's Pennsylvania Department of Labor and Industry documents which Plaintiff alleges show that Tri–Star's principal place of business is in Florida, not Pennsylvania. Finally, Plaintiff submits an affidavit averring facts that indicate that Tri–Star's principal place of business is in Florida.

In this situation, we find that Defendant has not adequately raised a question of lack of diversity jurisdiction and also find that Plaintiff has adequately met his burden of showing diversity jurisdiction. For this reason, assuming that Plaintiff will adequately amend his Complaint to allege diversity jurisdiction, we find that there is full diversity between Plaintiff and Tri–Star.

■ Our next question, then, is whether Plaintiff has adequately pleaded an amount in controversy of over $50,000. Count Two claims damages of $75,000 for violating the PHRA. This Count, therefore, meets 28 U.S.C. § 1332's jurisdictional minimum. In contrast, Count Three only claims damages of about $3,700. This Court may exercise supplemental jurisdiction over that claim under 28 U.S.C. § 1367 if the two claims are part of the "same case or controversy."[1]

Plaintiff alleges that he was discharged on the basis of his disability and that Defendants improperly stopped payment on his last paycheck. It is this last allegation on

---

1. This Count was originally pressed against Defendant Whitney, but was dismissed by Order of this Court. Nonetheless, this Court can exercise supplemental jurisdiction over Whitney under the language in 28 U.S.C. § 1367 and the reasoning set forth in *Shanaghan v. Cahill,* 58 F.3d 106, 109–11 (4th Cir.1995).

which the PWPCL claim is based. Although the legal issues are different, it seems that many fact questions are shared between the two claims. Based on that, we find that Plaintiff's PWPCL claim is so related to his disability claim that it forms part of the same action or controversy. *See e.g. Rekhi v. Wildwood Indus., Inc.,* 816 F.Supp. 1308 (N.D.Ill.1992) (claim under wage collection act and claim under civil rights act for retaliatory discharge arose from same "nucleus of operative facts"); *Glaziers & Glassworkers Union v. Newbridge Secs., Inc.,* 823 F.Supp. 1191 (E.D.Pa.1993). For that reason, we employ our discretion to exercise supplemental jurisdiction over Count Three.

An appropriate Order follows.

## ORDER

AND NOW, this 25th day of July, 1996, upon consideration of Defendants' Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED in Part and Denied in Part as follows and in accordance with the attached Memorandum. Summary Judgment is hereby GRANTED in favor of Defendant Tri–Star and against Plaintiff on Count One. Summary Judgment is hereby DENIED with respect to Counts Two and Three on condition that Plaintiff amends his Complaint to make adequate jurisdictional allegations within thirty days of the date of this Order's entry.