**UNITED STATES of America, Plaintiff,**

v.

**Steven P. MOSER, et al., Defendants.**

**No. 4:CV–95–0115.**

United States District Court,
M.D. Pennsylvania.

Aug. 7, 1996.

---

Larry B. Selkowitz, U.S. Attorney's Office, Harrisburg, PA, for Plaintiff.

Steven P. and Deborah A. Moser, Watsontown, PA, Pro Se.

## *OPINION*

MUIR, District Judge.

### I. Introduction.

On January 25, 1995, the Government commenced this civil action against Defendants Steven P. Moser and Deborah A. Moser pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811, et seq. The Government sought an award of civil penalties against the Mosers for the Mosers' alleged fraudulent submission of claims to several financial institutions. The Mosers are proceeding pro se.

The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Raymond J. Durkin for preliminary consideration.

On January 11, 1996, Magistrate Judge Durkin issued a report in which he recommended that the Government's motion for sanctions against the Mosers for failure to participate in discovery be granted and that such sanction be in the form of a default judgment entered in favor of the Government and against the Mosers in the amount of $9,000,000. Because we were of the view that awarding a judgment of $9,000,000 for the Government and against the Mosers

would be excessive, on February 16, 1996, we issued an order in which we set a briefing schedule as to the proper sanction, if any, to be imposed upon the Mosers.

After the conclusion of briefing, on May 31, 1996, we held a hearing on the question. During the hearing, the Mosers argued that this Court had no jurisdiction over them, and that the case should be dismissed on that ground. Because the issue of jurisdiction was not properly before this Court on a motion we issued an order on June 4, 1996, in which we allowed the Mosers a period of time within which to file a motion to dismiss based on lack of personal jurisdiction. On June 17, 1996, the Mosers filed a document which we construed to be a motion to dismiss based upon lack of personal jurisdiction. On July 24, 1996, we issued an order in which we denied the Mosers' motion to dismiss based upon lack of personal jurisdiction. Now ripe for disposition is the issue regarding the proper sanction, if any, to be imposed upon the Mosers by reason of the Mosers' failure to participate in discovery. The following are the Court's findings of fact, discussion, and conclusions of law with respect to the issue raised.

### II. Findings of Fact.

1. The complaint in this action was filed on January 25, 1995.

2. The complaint alleged that the Defendants Steven and Deborah Moser committed violations of three federal statutes; 18 U.S.C. § 1014, 1341, 1344.

3. Each statutory violation noted in paragraph 2 above is a violation of the Financial Institution Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a, *et seq.*

4. The violations of the above statutes were the result of the Mosers using worthless money orders in attempts to satisfy debts owed to three banks located in this district.

5. On April 6, 1995, the Mosers filed a "Motion to Dismiss Due to Erroneous Complaint as Provided in Title 28 U.S.C.

§ 1002." * No brief was filed in support of this motion.

6. On April 17, 1995, Magistrate Judge Durkin issued a case management order directing, among other things, that a scheduling conference be held on May 17, 1995.

7. Steven Moser appeared at said conference but Deborah Moser failed to attend.

8. On May 4, 1995, the Government served on both Defendants its first request for production of documents and first set of interrogatories.

9. On July 10, 1995, the Mosers returned these discovery documents to the Government as "refused," and did not provide any responses thereto.

10. On May 18, 1995, Magistrate Judge Durkin directed the Government to respond to the Mosers' motion to dismiss.

11.· On May 26, 1995, the Government responded in opposition to the Mosers' Motion to Dismiss.

12. On June 8, 1995, a second case management order was issued by Magistrate Judge Durkin.

13. On June 21, 1995, Magistrate Judge Durkin denied the Defendants' motion to dismiss, stating that it was "completely without merit."

14. On September 18, 1995, the Government issued notices of depositions to both Defendants which stated that depositions would be held on October 5, 1995.

15. Also on September 18, 1995, the Government filed a motion to compel responses to its interrogatories and document requests. A brief in support was also filed.

16. The Mosers failed to appear at the depositions scheduled for October 5, 1995, and did not file any objections to said depositions.

17. On October 30, 1995, the Court issued an order granting the Government's motion to compel and directing that the Mosers respond to the interrogatories and document requests within 10 days of that order.

18. The Mosers did not comply with the order.

19. On November 24, 1995, the Magistrate Judge issued an order which warned the Mosers that continued failure on their part to abide by the rules of the Court could result in sanctions.

20. On November 28, 1995, the Government filed a second motion to compel discovery, with a brief, based on the additional failure of the Mosers to appear at their depositions and on the Mosers' return of the deposition notices marked "Refused for Cause." This second motion sought sanctions in the form of a default judgment for the Government.

21. On November 29, 1995, the United States filed and served a petition for entry of default.

22. On December 15, 1995, a default was entered by the Clerk of Court against both Defendants.

23. On January 11, 1995, Magistrate Judge Durkin issued a report and recommendation finding that the Mosers had not only failed to comply with proper discovery requirements, but also had flouted the jurisdiction of the Court and unduly swelled the record with irrelevant documents.

24. The report and recommendation contained a recommendation that a sanction be imposed in the form of a default judgment for $9,000,000, the maximum allowed for the violations of law committed by the Mosers.

25. On January 22, 1996, the Mosers filed two documents with the Court": "Notice" and "Refusal for Cause."

26. On January 30, 1996, the Government responded to the "Refusal for Cause."

27. On February 16, 1996, this Court directed the United States to file a brief regarding sanctions deemed appropriate by the Government and permitting the Mosers to respond to that brief.

28. On February 23, 1996, the Government filed its brief in support of sanctions

---

* The court notes that title 28 was the citation used in defendant's filing; the correct citation is 18 U.S.C. § 1002.

which asserted that a sanction in the form for a default judgment for $10,000 was appropriate.

29. The Government has been required to expend significant labor and other resources in investigating, prosecuting, and litigating this matter.

30. The Defendants, by their conduct throughout this case, have unduly burdened the record and caused both the Court and the United States significant additional work and expense by their refusal to comply with the rules and orders of this Court.

31. The Mosers committed the offenses alleged in the complaint.

32. The banks which the Mosers attempted to defraud were required to expend significant funds in response to the Mosers' attempted fraud.

33. Steven Moser was convicted of criminal offenses arising from conduct similar to that involved in this case but was not convicted for the particular acts detailed in the instant complaint.

34. Under the Federal Sentencing Guidelines, the Mosers' conduct would yield a base offense level of six and an enhanced offense level of eight.

35. An offense level of eight carries a maximum fine of $10,000.

### III. Discussion.

Pursuant to Fed.R.Civ.P. 37(b), a Court may impose sanctions upon a party for that party's failure to comply with a discovery-related order. Rule 37(b)(2)(C) allows a court to enter a default judgment as a sanction against such a disobedient party. In the present case, the Mosers repeatedly refused to comply with Magistrate Judge Durkin's discovery-related orders and otherwise to participate in the action because of their view that they are not subject to the jurisdiction of this Court.

Having disposed of the Mosers' jurisdictional objections by our order of July 24, 1996, we are of the view that a default judgment in favor of the Government and against the Mosers is warranted as a sanction in this case. The Financial Institution Reform, Recovery, and Enforcement Act of 1989 provides for both civil and criminal penalties to be levied against persons who defraud federally insured financial institutions. Steven Moser was convicted under this statute for a related offense in the Northern District of Texas. Because of the similarity between the actions upon which the present civil action is based and the offense for which Steven Moser was convicted in the Northern District of Texas, we are of the view that an appropriate amount may be determined by using the United States Sentencing Guidelines.

Under U.S.S.G. § 2F1.1(a), the base offense level for conduct comparable to the Mosers' conduct in the present case is 6. Under U.S.S.G. § 2F1.1(b)(2), the offense level would be increased by 2 levels for the substantial planning that was necessarily involved with the Mosers' scheme, yielding a total offense level of 8. U.S.S.G. § 5E1.2(c)(3) provides for a fine range of $1,000 to $10,000 for an offense level of 8. The Government avers that $10,000 is a fair sanction considering the amount of time and resources which were required to be expended by the banks and the United States to investigate and prosecute this action. We are of the view that a judgment in favor of the Government against the Mosers in the amount of $10,000 is an appropriate sanction to be imposed upon the Mosers for their failure to obey discovery-related orders. We will therefore grant the Government's motion for a default judgment and enter a judgment in favor of the Government and against the Mosers in the amount of $10,000.

### IV. Conclusions of Law.

1. The Mosers' conduct, detailed in the complaint herein, violated the Financial Institution Reform, Recovery and Enforcement Act.

2. The Mosers' conduct during the litigation of this case violated the rules of this Court and orders of the Magistrate Judge.

3. The Financial Institution Reform, Recovery and Enforcement Act is intended to impose a penalty for its violation, not merely to recover losses sustained by federally insured financial institutions.

4. An appropriate sanction to be imposed on the Mosers under the circumstances of this case is a default judgment in the amount of $10,000.

