George C. CLARKE, Plaintiff,

v.

Jani B. WHITNEY and Tri–Star Packaging, Inc., Defendants.

Civil Action No. 95–1144.

United States District Court, E.D. Pennsylvania.

Dec. 16, 1996.

John L. Senft, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Plaintiff.

Saul H. Krenzel, Saul H. Krenzel & Associates, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff George H. Clarke ("Plaintiff") instituted this action on February 27, 1995 seeking compensatory and punitive damages for his allegedly unlawful discharge by Defendants Tri–Star Packaging, Inc. ("Tri-Star") and its shareholder and officer Jani B. Whitney ("Whitney"). What remains of Plaintiff's complaint after Whitney's Motion to Dismiss, *see Clarke v. Whitney,* 907 F.Supp. 893 (E.D.Pa.1995), and Defendants' Motion for Summary Judgment, *see Clarke v. Whitney,* 934 F.Supp. 148 (E.D.Pa.1996), are Count I, alleging that Tri–Star violated the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.,* by discharging him for his disability or perceived disability, and Count 2, alleging that both Defendants unlawfully stopped payment of his final paycheck in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* This matter was scheduled to proceed to trial on Monday, December 16, 1996.

After nearly twenty-two months of litigation, however, Ms. Whitney is apparently no longer willing to cooperate in the defense of this case. Her persistent and deliberate refusal to comply with two discovery orders has resulted in Plaintiff's Motion for Sanctions, specifically the entry of judgment by

default, pursuant to Fed.R.Civ.P. 37(b).[1] We begin by enumerating our findings of fact, as district courts in this Circuit are required to make before entering default judgment pursuant to Rule 37(b). *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir.1992) (requiring "explicit factual findings"); *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987) (same); *see, e.g., U.S. v. Moser,* 168 F.R.D. 171 (M.P.Pa.1996). We then explain why, under the standard for entering such judgments in this Circuit, this admittedly extreme sanction is warranted by Whitney's conduct.

## FINDINGS OF FACT [2]

1. Plaintiff is an adult individual who resides in Lancaster, Pennsylvania.

2. Defendant Tri–Star is a Florida corporation that maintains offices and operations in Florida and Pennsylvania.

3. Defendant Whitney is an adult individual who at all relevant times has resided in Palm Beach Gardens, Florida.

4. Whitney is an owner, officer and employee of Tri–Star.

5. Plaintiff's Second Amended Complaint, filed September 9, 1996, contains the aforementioned two counts.

6. Plaintiff's counsel is John L. Senft, Esquire ("Senft").

7. Defendants are represented by Saul H. Krenzel, Esquire ("Krenzel").

8. After an extension of the original discovery deadline, discovery was scheduled to close on November 4, 1996.

9. Counsel for both parties have understood throughout discovery that Plaintiff desired to take the depositions of Whitney and Tri–Star's Rule 30(b)(6) representative.

10. Krenzel's unavailability throughout October precluded the depositions of Whitney and Tri–Star's 30(b)(6) representative from being taken that month.

11. On October 30, this Court granted Plaintiff's Unopposed Motion to Extend Discovery Period until November 22, 1996, solely for the purposes of completing the depositions of Ms. Whitney and Tri–Star's Rule 30(b)(6) representative.

12. In subsequent conversations between counsel, Krenzel indicated that his clients had not been returning his phone calls, and that he was unable to determine what dates would be convenient for the depositions or who would serve as Tri–Star's Rule 30(b)(6) representative.

13. Krenzel agreed to schedule Whitney's deposition for November 18 and Tri–Star's representative on November 19. Senft forwarded Krenzel the appropriate notices of deposition on November 5.

14. On November 6, Krenzel informed Whitney by letter that her deposition had been scheduled for November 18 and informed her that her presence at the deposition was both mandatory and required. Whitney did not respond to this correspondence.

15. Krenzel again reminded her by letter dated November 13.

16. Whitney contacted Krenzel by phone on November 14, her first such call in more than a month. At Whitney's request, her deposition was rescheduled for November 19.

17. On November 15, Whitney informed Krenzel that she intended to fly directly from Florida to Philadelphia on November 17.

18. Whitney did not fly to Philadelphia on November 17 as scheduled.

19. On the morning of November 18, Whitney informed Krenzel that she would fly to Lancaster, Pennsylvania that evening.

20. On the morning of November 19, Whitney notified Krenzel that she had missed her flight to Lancaster.

21. By letter dated November 19, Krenzel advised Whitney once more of the impor-

---

1. Whitney's conduct has also led to the Petition of Saul H. Krenzel, Esquire, for Leave to Withdraw Appearance as counsel for Defendants, which we decide today as well.

2. Our factual findings are based on the pleadings, Plaintiff's Motion for Sanctions, Mr. Krenzel's Petition to Withdraw His Appearance, and our December 10, 1996 conference call regarding this Motion and Petition.

tance of her deposition and the consequences of her failure to appear for it.

22. Krenzel rescheduled Whitney's deposition for November 20 and Whitney indicated to Krenzel that she would appear on this date.

23. At approximately 9:00 p.m. on the evening of November 19, 1996, Whitney contacted Krenzel to inform him that she was ill and could not appear for deposition on the following morning.

24. From November 15 through November 19, Whitney repeatedly assured Krenzel that she would take the "next" flight to Philadelphia, only to contact counsel to state that she either "missed the flight" or "was not coming."

25. On November 22, Plaintiff filed a Motion to Compel Attendance at Depositions and to Extend Discovery Period until December 6.

26. We granted Plaintiff's Motion on November 26 and warned Defendants in our Order that "[i]f said witnesses do not appear for their depositions during this period, the Court will grant relief to Plaintiff as it deems appropriate, including the possibility of Rule 37 sanctions."

27. Neither Whitney nor Tri–Star's 30(b)(6) representative appeared for their depositions by December 6.

28. Whitney has now disconnected her telephone and refuses to answer Krenzel's beeper pages.

29. In all, Krenzel has sent in excess of ten (10) letters to Whitney from September 1996 to the present regarding her refusal to cooperate in the defense of Plaintiff's claims.

## DISCUSSION

■ A court may impose sanctions pursuant to Fed.R.Civ.P. 37(b) upon a party for failure to comply with a discovery order. Under Rule 37(b)(2)(C), we may enter a default judgment as a sanction against such a disobedient party. The Third Circuit has repeatedly stressed, however, that "defaults are drastic sanctions, termed extreme by the Supreme Court." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n. 18 (3d Cir.1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). The entry of default as a 37(b) sanction should therefore be "reserved for cases comparable to the 'flagrant bad faith' and 'callous disregard' exhibited in *National Hockey League.*" *Harris*, 47 F.3d at 1330 n. 18.[3] In particular, we must weigh the following six factors in deciding whether to impose a default judgment:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal [or default], which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984); *see also Harris*, 47 F.3d at 1330 n. 18; *Hoxworth*, 980 F.2d at 919. It is not necessary, however, that all six of these factors point towards default judgment for it to be the appropriate sanction in a given case. *Hoxworth*, 980 F.2d at 919.

■ The first, second, and fourth *Poulis* factors strongly weigh in favor of default judgment in the instant case. Responsibility for Defendants' failure to comply with our discovery orders plainly lies with Whitney herself. The record makes clear that Whitney's counsel has done everything in his power to secure his client's compliance with our directives, and yet she simply refuses to be deposed. On this basis, we conclude without hesitation that the degree to which Whitney has flouted the authority of this Court consti-

---

3. In *National Hockey League*, the Supreme Court held that it was not an abuse of discretion to dismiss a case pursuant to Rule 37 where crucial interrogatories remained substantially unanswered for seventeen months despite numerous extensions, admonitions by and warnings from the court, and promises and commitments by the plaintiffs. 427 U.S. at 640–41, 96 S.Ct. at 2779–80.

tutes "bad faith." She has repeatedly, without excuse, and with full notice of the possible consequences of her actions, refused to comply with two discovery orders. Moreover, Whitney's conduct has caused her adversary significant prejudice. Plaintiff has been unable to obtain information critical to the litigation of his claims. Plaintiff's counsel has devoted extensive time and effort to securing the orders at issue here and seeking Defendants' compliance with them, and has endured considerable inconvenience by having to rearrange his schedule on several occasions.

■ On the other hand, at least two factors do not weigh so unequivocally in favor of default. First, we have no evidence of a history of dilatoriness on Whitney's part before early last month. While several discovery disputes earlier in the litigation resulted in Plaintiff's April 24, 1996 Motion to Compel, which was granted in part, nothing in the record now before us indicates that Whitney was personally responsible for the conduct necessitating that motion. As to the final factor, a defense is meritorious for Rule 37(b) purposes "when the allegations of the pleadings, if established at trial, would ... constitute a complete defense." *Poulis,* 747 F.2d at 870 (citations omitted). Defendants' allegations in their Answer to Plaintiff's Second Amended Complaint clearly meet this standard.

Still, our evaluation of the effectiveness of alternative sanctions points to the entry of default as the only appropriate response to Whitney's flagrant defiance of our two orders. First, an award of attorney's fees would not be commensurate with the extent of Whitney's bad faith. It would also likely be ineffectual given Whitney's failure to pay her own counsel the more than $20,000 that she owes him, and the fact that she advised Mr. Krenzel last week that she has no intention of paying anything pending outcome of this case. Another option would be to prohibit Defendants pursuant to Rule 37(b)(2)(B) from opposing certain of Plaintiff's claims or introducing designated matters in evidence at trial. But the depositions of Whitney and Tri–Star's 30(b)(6) representative would concern matters at the very heart of this litiga-

tion. Plaintiff's inability to take either one might negatively impact his own case to the extent that even a sanction prohibiting Defendants from presenting any evidence at all would not adequately compensate for such prejudice. Finally, we find Whitney's "callous disregard" of our orders and "flagrant bad faith" to be strikingly similar, apart from its duration, to the conduct sanctioned in *National Hockey League.*

Thus, while we are mindful of the admonition that default "must be a sanction of last, not first, resort," *Carter v. Albert Einstein Med. Ctr.,* 804 F.2d 805, 807 (3d Cir.1986), we are convinced that it is richly deserved here. We find further support for our holding in the reasoning of other district courts that have applied the *Poulis* factors and held likewise. *See, e.g., U.S. v. Moser,* 168 F.R.D. 171 (M.D.Pa.1996) (entering default judgment against defendants who repeatedly refused to comply with discovery orders of magistrate judge); *Mid–State Elec., Inc. v. H.L. Libby Corp.,* 141 F.R.D. 255 (W.D.Pa. 1992) (Lewis, J.) (dismissing case where plaintiff failed to comply with three orders requiring him to produce tax returns); *Hicks v. Feeney,* 124 F.R.D. 79 (D.Del.1987) (dismissing case against plaintiff who, despite court's threat of Rule 37 sanctions, failed to comply with order requiring him to appear for his deposition), *aff'd,* 850 F.2d 152 (3d Cir.1988).

We will hold a hearing at a later date to determine the amount of the judgment that we enter against Defendants today. An appropriate Order follows.

### ORDER

AND NOW, this 16th day of December, 1996, upon consideration of Plaintiff George C. Clarke's Motion for Sanctions, and the December 10, 1996, conference call regarding this Motion, it is hereby ORDERED that Plaintiff's Motion is GRANTED. The following sanctions are hereby imposed upon Defendants pursuant to Fed.R.Civ.P. 37:

(1) a default judgment is hereby entered against Defendants on all liability issues and a hearing shall proceed only to determine the

damages sustained and recoverable by Plaintiff;

(2) Defendants shall pay Plaintiff his reasonable attorney's fees incurred with regard to the preparation of Plaintiff's Motion to Compel Attendance and Motion for Sanctions.

It is further ORDERED that Defendants' Motion for Summary Judgment is hereby DENIED as MOOT.