George H. CLARKE, Plaintiff,

v.

Jani B. WHITNEY and Tri–Star Packaging, Inc., Defendants.

No. Civ.A. 95–1144.

United States District Court, E.D. Pennsylvania.

May 5, 1998.

---

632

John L. Senft, Barley, Snyder, Senft & Cohen, York, PA, for Plaintiff.

Lawrence S. Markowitz, Markowitz & Krevsky P.C., York, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is plaintiff, George H. Clarke's ("plaintiff" or "Clarke"), petition for attorneys' fees and costs and defendants', Jani B. Whitney ("Whitney") and Tri-Star Packaging, Inc.'s (Tri-Star) (collectively "defendants"), opposition thereto. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

This case arose out of an employment relationship between plaintiff and defendants. Following the termination of plaintiff, he brought a three-count complaint against defendants alleging violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C.

§ 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa.C.S.A. § 260.1 *et seq.* During the course of the proceedings, we dismissed the ADA and the PHRA claims against Defendant Whitney by Order dated December 12, 1995, *see* 907 F.Supp. 893 (E.D.Pa.1995), and awarded summary judgment to Defendant Tri–Star on the ADA claim by Order dated July 25, 1996. *See* 934 F.Supp. 148 (E.D.Pa.1996). On September 9, 1996, plaintiff filed a Second Amended Complaint pleading subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Second Amended Complaint asserted a PHRA claim against Defendant Tri–Star in Count I and the WPCL claim against both defendants in Count II.

As sanction for a discovery violation, we granted a default judgment against defendants on the Second Amended Complaint on December 16, 1996. *See* 169 F.R.D. 623 (E.D.Pa.1996). On April 21, 1997, we held a hearing[1] to determine damages to be awarded for plaintiff's PHRA and WPCL claims. The Court issued Findings of Fact and Conclusions of Law by Memorandum and Order dated August 22, 1997. *See* 975 F.Supp. 754 (E.D.Pa.1997). In this Memorandum and Order, the Court entered an award against Tri–Star under the PHRA in the amount of $14,080. *Id.* The Court also entered an award against both defendants under the WPCL in the amount of $4,642.50. *Id.* The Court further indicated that plaintiff was entitled to recover reasonable attorneys' fees and interest.[2] *Id.*

Plaintiff's present petition requests an award in the amount of $65,286.25 for attorneys' fees[3] and $3,765.69 for costs. Plaintiff further requests interest at 5.58 percent on Plaintiff's award of $24,484.84 (inclusive of back pay, non-economic and liquidated damages, and pre-judgment interest) to be calcu-lated from August 22, 1997 until the judgment is paid.

## DISCUSSION

### I. FEES

#### A. Standard for Determining Award of Attorneys' Fees

■ In making a petition for attorneys' fees, the petitioner has the burden of showing that the fees and costs requested are reasonable by producing evidence that supports the hours and costs claimed. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The party requesting fees bears the burden of substantiating the hours expended on the litigation and the reasonableness of its requested hourly rate. *Hensley*, 461 U.S. at 433. The opposing party then has the burden of providing a sufficient basis to contest the reasonableness of the fees. Once an objection is made, the court has considerable discretion to adjust the fee award for any reason put forth by the opposing party. *Rode*, 892 F.2d at 1183.

■ In determining the amount of attorneys' fees to award, the court's first task is to determine the lodestar. The lodestar is a computation of the reasonable hourly rate multiplied by the number of hours reasonably expended by the attorney. *Hensley*, 461 U.S. at 433. The lodestar produces a presumptively reasonable calculation of attorneys' fees. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir.1996).

■ The opposing party may object to the lodestar calculation, calling into question either the reasonableness of the hourly rate requested or the reasonable hours expended. In objecting to the reasonable hours expend-

---

1. This hearing was conducted as a bench trial rather than before a jury.

2. Both the PHRA and the WPCL allow for recovery of attorney's fees. *See* 43 Pa.C.S.A. § 962(c)(4)(c.2) and 43 Pa.C.S.A. § 260.9a(f).

3. The total amount of attorneys' fees charged by plaintiff's counsel was $70,286.25. However, in an effort to demonstrate "billing judgment," plaintiff's counsel took a voluntary reduction of $5,000 to account for hours spent pursuing unsuccessful claims. The Court commends this effort. However, as our reductions to the hours reasonably spent come to slightly more than $5,000, we will make our deductions from the full $70,286.25.

ed, the opposing party may request a reduction of the lodestar on the grounds that, *inter alia*, the hours expended on the litigation were excessive, redundant, or unnecessary. *Hensley*, 461 U.S. at 434. Further, the court can reduce the number of hours expended on "litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." *Rode*, 892 F.2d at 1183.

■ After determining the lodestar, the court can make further adjustments "if the lodestar is not reasonable in light of the results obtained. This general reduction accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id.* (citing *Hensley*, 461 U.S. at 434–37). An adjustment to the lodestar on the basis of the partial success of the parties should be "taken independently of the other adjustments and should be the first adjustment applied to the lodestar." *Id.*

### B. The Lodestar Calculation

#### 1. Reasonableness of Hourly Rate

The parties in this case have stipulated[4] to the following hourly rates:

John L. Senft ("Senft"):

Michael S. Butler ("Butler"):

George C. Werner ("Werner"):

Robert J. Schefter:

Mary F. Moul (Paralegal):

The Court finds that these hourly rates are reasonable.

#### 2. Reasonable Hours Expended

The defendants in this case challenge the reasonableness of the hours expended on several grounds.

#### a. Hours Spent on Claims that Were Unsuccessful

■ Defendants first argue that plaintiff's counsel should not recover fees spent on

claims for which the plaintiff was not successful. In order to successfully make this objection, the opposing party must show not only that the claim was unsuccessful, but also that the claims "were 'distinct in all respects from' the claims on which the party did succeed." *Rode*, 892 F.2d at 1183. Defendants make five specific objections under this category. The Court finds that several of these objections have merit and that some of the fees sufficiently satisfy the "distinctness" standard to warrant reduction. First, defendants · argue that time spent by Senft from August 25, 1995 through September 14, 1995, in unsuccessfully resisting Tri–Star's Motion to Dismiss plaintiff's ADA claim should be deducted. We agree. However, defendants incorrectly calculate the number of hours to be reduced as 23.5. After reviewing the time entries for the relevant period and plaintiff's reply to defendants' objection, we conclude that 16.5 hours should be reduced from Senft's time entries[5] for opposing the Motion to Dismiss the ADA claim.

Defendants next argue that the 1.6 hours spent by Senft on January 15, 1996, researching employer status under the PHRA and the possibility of a wrongful discharge action should be deducted as unsuccessful litigation. Senft responds that this was not unsuccessful litigation, but was, instead, valid research regarding the existence of another potential cause of action and how to count employees under the PHRA. We find that defendants have not met the burden of establishing that this is unsuccessful litigation that is distinct in all respects from claims on which the party did succeed.

The third contention by defendants is that the time spent by plaintiff's counsel from April 16, 1996 to April 25, 1996 defending defendants' motion for summary judgment should be deducted as it was unsuccessful litigation. We find that plaintiff was partially successful in defending the motion and that, therefore, there is not sufficient distinctness for the Court to deduct the time.

---

**4.** Plaintiff notes that the regularly hourly rates of Mr. Werner, Mr. Butler, and Ms. Moul are generally higher and that these rates are stipulated to only for purposes of this case.

**5.** We will deduct the following hours from Senft's time entries: 8/25/95—1 hour; 8/30/95—4 hours; 8/31/95—2.5 hours; 9/5/95—1.4 hours; 9/7/95—2.5 hours; 9/11/95—1.8 hours; 9/13/95—2.5 hours; 9/14/95—.80 hours.

However, plaintiff's counsel has voluntarily reduced the amount of time spent on the motion by 5.8 hours, which accounts for one-third of the time spent by plaintiff's counsel on the motion. Therefore, we will reduce the time expended by 5.8 hours.

Next defendants argue that 21.35 hours of Senft's time spent researching diversity jurisdiction and drafting an amended complaint from June 19, 1996 through September 4, 1996, should be reduced as these hours resulted from plaintiff's loss of a motion. Plaintiff responds that these hours should not be reduced as plaintiff was ultimately successful on the amended complaint. We agree. In the Court's July 26, 1996, Memorandum and Order, we granted plaintiff leave to amend the Complaint to plead diversity jurisdiction. It was on this Amended Complaint that plaintiff ultimately recovered. Thus, the Court cannot deduct these hours as unsuccessful litigation.

■ Finally, defendants argue that 11.50 hours of Senft's time should be deducted for drafting a Motion for Reconsideration that was not filed. The Court agrees that the time for this unfiled motion should be deducted. However, in reviewing the time entries for the relevant dates, we find that Senft has indicated a number of activities on the dates in question other than just the Motion for Reconsideration. Rather than simply reduce the whole of these hours as requested by defendants, the Court will rely upon the representations of plaintiff's counsel that this motion accounted for 3 hours of the total time billed. Thus, the Court will reduce the number of hours billed by Senft by 3.

In accordance with the foregoing, we find that 25.3 hours will be deducted from plaintiff's counsel's time for claims which were unsuccessful. This time was all billed by Senft at an hourly rate of $125/hr. Thus, these deductions equate to a monetary reduction of $3,162.50 (25.3 hours multiplied by $125/hr).

*b. Hours Expended on Unnecessary Work*

■ Next defendants seek reduction of the reasonable hours expended arguing that some of the time was spent on unnecessary work. First defendants seek reduction of 9.75 hours arguing that the time was billed for preparing voir dire and jury instructions when this was a non-jury trial. In light of the default judgment, the court determined *sua sponte* that the trial would not be a jury trial, but would rather be a bench trial. *See* 975 F.Supp. 754 (E.D.Pa.1997). However, this recognition by the Court occurred only approximately 3 days prior to trial, by which time both parties had already prepared for a jury trial. Therefore, the Court cannot find that the hours spent in preparation for a jury trial were unnecessarily expended.

Defendants next seek a 7.0 hour deduction for time spent by Butler in researching the ADA and the PHRA in November 1993 and November 1994 and a 2.3 hour deduction for time spent by Butler researching worker's compensation. The Court finds that defendants have not met the burden of showing that this work performed by Butler was unnecessary. Therefore, we will not reduce these hours.

*c. Hours Expended that were Excessive*

Defendants next object that plaintiff's counsel billed an excessive amount of time for certain tasks. First, defendants argue that the 6.5 hours Butler spent preparing the complaint in this case was an inordinate amount of time. However, a review of the time entries for this task reveals that the 6.5 hours billed on those dates includes research regarding the issues in addition to preparation of the complaint. Thus, we find that defendants have not met the burden of showing that 6.5 hours for this task is inordinate.

Defendants also argue that once Senft took over the case, Butler had "no reason, other than personal ones,[6] to attend client conferences." (Def.'s Mem. at 5). However, we must agree with plaintiff's counsel that the record reflects that many of the client conferences held between Clarke and Butler involved substantive concerns, such as settlement discussions, and were often held without the presence of Senft. Therefore, we

---

6. Butler is plaintiff's son-in-law.

again find that defendants have failed to show how the 8.1 hours spent by Butler in client conferences in two years is an inordinate amount of time.

### d. Hours That Are Duplicative

Defendants next challenge some of the time entries as representing duplicative work. The first objection by defendants is that Butler unreasonably spent 2.40 hours on January 25, 1996 and February 15, 1996 reviewing discovery that Senft reviewed in the same time frame. We find that defendants have not met the burden of showing that this time was unreasonably duplicative.

Defendants next object to the role of Werner as duplicative. Defendants object that on September 4, 1996 Werner spent 2.5 hours on the Second Amended Complaint which was drafted by Senft. However, our review of the time entries does not reveal that Werner spent time on the Second Amended Complaint. Therefore, we will not deduct the 2.5 hours as duplicative. Similarly defendants argue that on December 5 and 6, 1996, Werner spent 1.2 hours on a Motion for Reconsideration that Senft prepared and that he lost. A review of the time entries for these dates shows that Werner only billed for reviewing the Motion for Reconsideration on December 6, 1996 and that during the .80 hours that were billed in that time entry Werner performed at least three tasks.[7] Accordingly, the Court will reduce the hours by .26. This accounts for a monetary valuation of $45.50 ($175/hr multiplied by .26 hours).

■■■ Defendants next object to the 7.5 hours Werner spent at plaintiff's deposition, even though Senft was defending the deposition, and the 11 hours Werner billed for presence at trial, although he was not participating. Plaintiff has conceded that Werner was serving only a "supervisory" role in these two proceedings. As such, we agree that these hours are unreasonably duplicative. *See Halderman v. Pennhurst State*

*School & Hosp.*, 49 F.3d 939, 943 (3d Cir. 1995) (stating that although "a private client may accede to the practice and pay the additional fees does not necessarily make them reasonable nor necessary when they are to be paid by the other party to the proceedings.") Therefore, we will subtract 18.5 hours of Werner's time spent at deposition and trial. This amounts to a monetary deduction of $3,237.50 ($175/hr multiplied by 18.5 hours).

The total monetary value of the hours deducted for the duplicative efforts of Werner amounts to $3,283.00.

### 3. The Lodestar Amount

After these deductions for the hours reasonably expended, we determine that $6,445.50 should be deducted from the $70,286.25 billed by plaintiff's counsel. Therefore the lodestar calculation results in an attorney's fee amount of $63,840.75.[8]

### C. Reductions to the Lodestar

■■■ As we have previously noted, additional factors may warrant adjusting the lodestar downward to arrive at the ultimate fee award. One of these factors is "the extent of a plaintiff's success." *See Hensley*, 461 U.S. at 434–35, 103 S.Ct. at 1939–40. This deduction is distinct from the deduction of the hours reasonably expended on unsuccessful claims that "were 'distinct in all respects from' the claims on which the party did succeed" taken to arrive at the lodestar. *Rode*, 892 F.2d at 1183. As the Third Circuit noted in *Rode*, this downward reduction of the lodestar is to account for "time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id.* (emphasis added).

Defendants have asked the Court to take a downward reduction of the lodestar by 75%. They argue for this deduction due to plaintiff's loss of several claims asserted in the

---

**7.** The time entry for that date reads: "Several conferences with Attorney Senft—review draft of motion for sanctions, motion for reconsideration, intra office conferences with Attorney Senft regarding strategy." *See* (Pl.'s Mem. at Ex. C, December 6, 1996 time entry for Werner). To analyze this entry, the Court considered the conferences as one task and the review of the two motions as two separate tasks.

**8.** The Court observes that this is very close to the number originally suggested by plaintiff's counsel.

first Complaint. Further, Defendants argue for the downward reduction based on the limited monetary recovery received by plaintiff.

While the Court will not reduce the fees requested in direct proportion to the amount awarded plaintiff, we will consider the limited success plaintiff achieved in this case otherwise. *See* Background Section, *infra* (discussing the various Orders of the Court in this case that whittled plaintiff's claims). Due to this limited success, we find that a downward reduction of 25% of the lodestar will produce a fee result that is reasonable. *See Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1043–33 (3d Cir.1996) (upholding 50% downward reduction of lodestar where plaintiff failed to prevail on one of two central claims); *Carter–Herman v. City of Philadelphia,* 1997 WL 48942 (E.D.Pa.) (reducing lodestar by 20% to account for limited success); *Hall v. American Honda Motor Co., Inc.,* 1997 WL 732458 (E.D.Pa.) (reducing lodestar by 10% to account for limited success).

Thus, the lodestar amount of $63,840.75 will be reduced by 25% for a total fee award of $47,880.56.

### D. Defendant Against Whom Fees Will Be Assessed

Defendants ask this Court to assess the fees completely against defendant Tri–Star since plaintiff did not differentiate between defendants Tri–Star and Whitney in the fee petition. However, recovery was obtained against both defendants. Further, the statutes under which plaintiff recovered from each defendant specifically allow for the assessment of fees and costs. Therefore, in the interests of fairness, the Court will follow the suggestion of plaintiff and assess the fee petition to each defendant relative to their percentage of the total award.

### II. Costs

Plaintiff seeks recovery for nontaxable costs and expenses in the amount of $3,765.69. *See* (Pl.'s Mem. at Ex. C). Defendants object to $136.20 spent on LEXIS research and $249.70 spent on Federal Express charges. The Court does not find these costs excessive or unnecessary. Therefore plaintiff will be awarded $3,765.69 in costs.

### III. Post Judgment Interest

Plaintiff seeks recovery of post judgment interest in the amount of 5.58 percent on the judgment of $24,484.84 from August 26, 1997 until the date that Defendants pay the judgment. Defendants do not object to this percentage rate. Thus, the Court will award the requested rate.

### CONCLUSION

An appropriate Order follows.

### ORDER

AND NOW, this 5th day of May, 1998, upon consideration of Plaintiff's Petition for Attorney's Fees and Costs, Defendants' Response thereto, and Plaintiff's Reply, it is hereby ORDERED, in accordance with the foregoing Memorandum, as follows:

1. Plaintiff is AWARDED Attorneys' fees in the amount of $47,880.56;

2. Plaintiff is AWARDED nontaxable costs and expenses in the amount of $3,765.69; and

3. Plaintiff is AWARDED post·judgment interest in an amount to be calculated by the parties based upon a rate of 5.58 percent, from August 26, 1997 until the date defendants pay the judgment.